United States District Court
for the
Southern District of Florida

| Robert Elie Menard, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-21268-Civ-Scola |
| | ) | |
| Miami-Dade County, Carlos D. Angulo, Defendant. | ) | |

### Order on Motion to Dismiss

Plaintiff Robert Elie Menard seeks to recover damages from injuries he sustained during an interaction with several police officers, including the defendant Officer Carlos D. Angulo. Menard also seeks to hold Miami-Dade County (the "County") vicariously liable for Officer Angulo's alleged tortious conduct. The County moves to dismiss the sole count against it for vicarious liability, arguing that it is barred by sovereign immunity. For the reasons explained in this Order, the Court **grants** the County's motion to dismiss. **(ECF No. 22.)** The Court dismisses count V of the amended complaint but does so without prejudice and with leave to amend.

1. **Background**

Menard alleges that he was parked in front of his cousin's house when police cars surrounded his vehicle for no apparent reason. (ECF No. 19 at ¶¶ 15-17.) Menard and his passenger, Prosper, rolled down their windows and made their hands visible to the officers. (*Id.* at ¶ 18.) Officer Angulo sprang out of his vehicle, drew his weapon, and pointed it at Menard's head. (*Id.* at ¶ 19.) He ran to the driver's side door with his gun drawn while shouting at Menard. (*Id.* at ¶ 19.) Officer Angulo requested Menard's driver's license, and Menard gave it to him. (*Id.* at ¶ 21.) Officer Angulo then asked for his vehicle's registration. Menard asked "for what?" and Officer Angulo ripped the car door open and forcefully pulled Menard from the vehicle. He yanked Menard's left hand behind his back. (*Id.* at ¶¶ 22-23.) The amended complaint never indicates why Officer Angulo and the others acted in this way except for racial profiling. (*Id.* at ¶¶ 20, 36).

At this point Sergeant Lugo intervened by tapping Officer Angulo on the shoulder. Officer Angulo roughly pushed Menard against his vehicle, but released his grip on Menard. (*Id.* at ¶ 25.) Menard was held against his will for over seventeen minutes and ultimately cited for having too dark a tint on his vehicle's windows. (*Id.* at ¶¶ 27-28.) Menard was treated at the Aventura Hospital

emergency room for his injuries, and was later diagnosed with post-traumatic stress disorder. (*Id.* at ¶¶ 29-31.)

In the internal affairs investigation following the incident, Officer Angulo lied under oath. (*Id.* at ¶ 32.) He asserted that he had pulled over Menard's vehicle for a traffic violation. (*Id.* at ¶ 33-34.) The officers at the scene intentionally turned off their body cameras during their interaction with Menard. (*Id.* at ¶ 42.) Menard filed his first amended complaint, which brings § 1983 and tort claims against Officer Angulo for his actions and seeks to hold the County vicariously liable for Officer Angulo's alleged tortious conduct. (*Id.* at ¶¶ 76-83.) Specifically, Menard alleges that the County is liable for Officer Angulo's false imprisonment and assault and battery. (*Id.* at ¶¶ 76-83.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Discussion

The County moves to dismiss Count V of Menard's first amended complaint because it is entitled to sovereign immunity under § 768.28(9)(a), Florida Statutes.

Florida Statute § 768.28(9)(a) provides that municipalities are immune from tort liability "for the acts or omissions of an officer, employee, or agent" when those acts are "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). Therefore, a municipality cannot be held vicariously liable for the bad faith or malicious actions of its officers, employees and agents. *Id.* The County argues that it cannot be liable for Officer Angulo's actions because

he acted in bad faith or with a malicious purpose when he falsely imprisoned and assaulted and battered Menard. The Court agrees.

The Complaint alleges that Officer Angulo ran at Menard shouting with his gun pointed at his head even though he was unprovoked and unthreatened—Menard's hands hanging out of the window, visible to the officers. (ECF No. 19 at ¶¶ 15-19.) Officer Angulo forcefully pulled Menard from the vehicle and aggressively twisted his hand behind his back, all while cursing and swelling with anger. (ECF No. 19 at ¶¶ 15-19.) The complaint does not allege or imply any motivation for this unprovoked behavior except racial profiling. Menard alleges that the incident was "a startling reality check of what happens in broad daylight when two young black men are sitting in a vehicle with too much tint." (ECF No. 19 at ¶ 36.) Tellingly, the officers, including Officer Angulo, turned their body cameras off for the interaction, and later lied about the events. (ECF No. 19 at ¶¶ 33-35, 42.) Officer Angulo's efforts to cover up the incident at the time and afterwards further indicate that he was acting with malicious intent.

Many courts in this district have dismissed false arrest and battery claims under similar circumstances against municipalities if the individual defendant acted with malicious intent. *See Alicea v. Miami-Dade County*, No. 13-21549-Bloom, DE# 95 (S.D. Fla. Oct. 25, 2014) (Although the court acknowledged that the plaintiff's "complaint skillfully avoids the words 'malicious, bad faith or in reckless and wanton disregard for human rights, safety, or property," the court held that sovereign immunity barred the claim against the county because the complaint alleged that the officer "made false statements and material omissions" regarding the plaintiff's arrest and "'violently pummeled' [the plaintiff] in the head, face and torso [which was done] without reasonable suspicion or probable cause."); *Mena v. Miami-Dade County*, No. 14-20030-CIV, 2014 WL 3667806 (S.D. Fla. July 22, 2014) (Moreno, J.) (finding Section 768.28(9)(a) barred the claim against the county where the factual allegations "that [the officers'] actions–pulling Mr. Mena out of the car, throwing Mr. And Mrs. Mena, beating them, handcuffing them, and arresting them–can only be characterized as actions 'committed in bad faith or with malicious purpose' "); *Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1330 (S.D. Fla. 2018) (O'Sullivan, J.) (sovereign immunity barred the claim because the complaint alleged that the plaintiff was pulled out of his car and punched in the face several times, the officer turned off his body camera, and the officer lied about the incident).

Menard argues that he pled that Officer Angulo acted in bad faith and maliciously in Counts III and IV, but that he pled Count V in the alternative by "specifically omit[ting] any mention of 'malicious' or 'wanton or willful' behavior." (ECF No. 27 at 3.) While Federal Rule of Civil Procedure 8(e)(2) authorizes pleading in the alternative, and courts have noted the frequency with which §

768.28 plaintiffs resort to pleading "mutually exclusive" claims in the alternative, *see, e.g., Reyes v. City of Miami Beach*, 2007 WL 4199606 at *3 (S.D.Fla.2007), courts have also "recognized the limits to a plaintiff's ability to advance alternative theories in § 768.28 cases where the factual allegations can only suggest malice or bad faith on the part of the individual defendant." *Terry v. Rodriguez*, 2010 WL 2342382, *2 (S.D. Fla. June 7, 2010). It is "inappropriate to include inconsistent factual allegations within a claim." *Smith v. City of Fort Pierce*, 2018 WL 5787269, *7 (S.D. Fla. Nov. 5, 2018); *see also Thomson v. Officer Jerry Davenport*, 2010 WL 11601554, *5 n. 9 (S.D. Fla. June 16, 2010) ("While Plaintiff may plead *claims* in the alternative, she cannot salvage her battery claim by requesting that certain *facts* alleged in her Amended Complaint be ignored for purposes of certain claims.").

### 4. Conclusion

The Court **grants** the County's motion to dismiss. It dismisses count V of the amended complaint without prejudice and with leave to amend. **(ECF No. 22.)** If Menard chooses to file a second amended complaint, he must include in count V additional specific factual allegations to support the particular claim asserted in that count, and must not reincorporate prior allegations in any count unless those allegations support the particular claim asserted therein.

**Done and ordered** at Miami, Florida, on September 5, 2019.

_____
Robert N. Scola, Jr.
United States District Judge